# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Aquatech Corporation dba United Aqua Group, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Mystic Pool Supplies, LLC dba Mystic Pool Supplies & Service, a New Jersey limited liability company; Jay Kellers, an individual,<br><br>Defendants. | Case No. 2:24-cv-00909-RFB-DJA<br><br>**Order** |

Before the Court is Plaintiff Aquatech Corporation dba United Aqua Group's ("Aquatech") motion to enlarge time for service on Defendant Jay Kellers and to serve Kellers by publication. (ECF No. 5). Aquatech asserts that it has already successfully served Defendant Mystic Pool Supplies, LLC dba Mystic Pool Supplies & Service ("Mystic"). (*Id.*). Because the Court finds that Aquatech has demonstrated good cause to extend the time for service, but has not demonstrated that the periodicals it proposes are reasonably calculated to give Kellers actual notice of the proceedings, it grants the motion in part and denies it in part.

**I.   Service by publication.**

Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Trustees of the Nev. Resort Assoc. v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, \*2 (D. Nev. July 29, 2013). Service is to be provided under the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Under Nevada law, the Court may order service by publication if the defendant cannot, after due diligence be found. Nev. R. Civ. P. 4.4(c)(1)(A). The motion seeking publication must, in relevant part, "provide the proposed language of the summons to be used in the publication, briefly

summarizing the claims asserted and the relief sought and including any special statutory requirements" and "suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings." Nev. R. Civ. P. 4.4(c)(2)(C)-(D).

Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreau v. Gilmer*, 115 Nev. 308, 313, 985 F.2d 746, 749-50 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 106 Nev. 100, 102-04, 787 P.2d 786, 786-87 (Nev. 1990); *Abreu*, 115 Nev. at 313, 985 P.2d at 749-50; *McNair v. Rivera*, 110 Nev. 463, 464-68, 874 P.2d 1240, 1241-44 (Nev. 1994). In ordering service by publication, the Court must "direct publication to be made in one or more newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located; or in any combination of locations." Nev. R. Civ. P. 4.4(c)(4)(A). The Court's designated locations "must be reasonably calculated to give the defendant actual notice of the proceedings." *Id*.

While the Court finds that Aquatech has established due diligence in attempting to locate and serve Kellers, it lacks the information to craft the order required by the Nevada Rules. Citing Nevada Rule of Civil Procedure 4.4(c)(4), Aquatech asserts that it will "publish 'in one or more newspapers or other periodicals published [in]…the state…where the defendant is believed to be located'; the publication should be at least once a week for a period of four weeks; and the process should be mailed to Mr. Keller at his home and office address." (ECF No. 5 at 4-5). But Aquatech does not: (1) "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any statutory requirements"; (2) "suggest one or more newspapers or other periodicals in which the summons should be published"; or (3) explain why these particular newspapers or periodicals are "reasonably calculated to give the defendant actual notice of the proceedings." Because Aquatech does not include this information, the Court cannot meet its legal requirement to "direct

publication to be made in one or more newspapers or other periodicals published in…the state…where defendant is believed to be located." Nor can it meet the mandate that its designated locations "must" be reasonably calculated to give the defendant actual notice of the proceedings. Aquatech's vague reference to periodicals published in New Jersey, without more, do not give the Court sufficient facts on which to base its order. The Court thus denies Aquatech's motion in part regarding its request for service by publication without prejudice.

## II. Extension of time.

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The 90–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the . . . [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . .[90]–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed . . .[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

Aquatech has established that an extension of time is warranted. Despite diligent attempts to serve Kellers, Aquatech still has been unable to serve him. Because the service deadline has passed, an extension is appropriate to give Aquatech the time to attempt service on Keller. The Court thus grants Aquatech's motion in part regarding its request to extend time for service.

///

///

///

1    **IT IS THEREFORE ORDERED** that Aquatech's motion (ECF No. 5) is **granted in part and denied in part.** It is granted in part regarding Aquatech's request for additional time for service and the Court extends the service deadline to **December 11, 2024.** It is denied in part without prejudice regarding Aquatech's request to serve Kellers by publication.

DATED: September 6, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE